IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRACY S. PROPST,                )
                                )
            Plaintiff,           )
                                )
    v.                           ) Civil Action No. 06-121J
                                )
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                )
            Defendant.           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 11th day of September, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on July 19, 2004, alleging a disability onset date of January 2, 2004, due to bilateral knee problems and depression. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on November 15, 2005, at which plaintiff, represented by counsel, appeared and testified. On December 12, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On March 30, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 36 years old at the time of her alleged onset date and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school education. She has past relevant work experience as a scale clerk, a department store clerk, a secretary and an executive assistant, but has not engaged in any substantial gainful activity since her alleged onset date. For purposes of plaintiff's Title II application, plaintiff met the disability insured status requirements of the Act on her alleged onset date

and has acquired sufficient quarters of coverage to remain insured at least through December 31, 2006.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of residuals of a left anterior cruciate ligament reconstruction with allograft revision and debridement of a medial meniscus tear, a major depressive disorder and agoraphobia, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of her impairments. (R. 17). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including order clerk, ink printer and addresser. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003). Additionally, 20 C.F.R. §§404.1520a and 416.920a, which deal specifically with the evaluation of mental impairments, must be followed by the

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

Commissioner whenever there is evidence of a mental impairment that allegedly prevents a claimant from working. Plummer, 186 F.2d at 432.

Here, plaintiff raises a pair of challenges to the ALJ's findings: (1) the ALJ erred at step 3 in finding that plaintiff's mental impairments do not meet any listing; and, (2) the erred at step 5 by failing to take into account all of plaintiff's limitations resulting from her physical and mental impairments in arriving at her residual functional capacity finding. Upon review, the court is satisfied that all of the ALJ's findings and conclusions are supported by substantial evidence.

First, the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's mental impairments (Listings 12.04 and 12.06) and adequately explained why

plaintiff's impairments do not meet or equal the severity of any of those listed impairments. (R. 17, 19-20); see Burnett, 220 F.3d at 120, n.2. In particular, the ALJ found that plaintiff failed to meet either the "B" or the "C" criteria of listing 12.04 or 12.06 and adequately explained the basis for that finding in her decision. (R. 20). As the required level of severity is met only when the requirements in both A and B of 12.04 and 12.06 are satisfied, or when the "C" criteria of those listings are met, the ALJ correctly concluded that plaintiff does not meet those listings.

The ALJ's findings in this regard are supported by substantial evidence as outlined in the ALJ's decision. The ALJ considered the medical evidence relating to plaintiff's mental impairments from both Dr. Rajan and Dr. Foster, as well as plaintiff's own testimony regarding her daily activities and the limitations resulting from her mental impairments, and concluded that plaintiff's depression and agoraphobia result in only mild limitations in performing activities of daily living and moderate restrictions in maintaining social functioning and concentration, persistence or pace. The ALJ also found no evidence of decompensation for extended periods. (R. 20).

The medical record supports the ALJ's findings at step 3. Moreover, neither Dr. Rajan nor Dr. Foster opined that plaintiff's mental impairments were of listing-level severity, and plaintiff otherwise has failed to meet her burden of presenting any medical findings to either the ALJ or to this court showing that her

impairments meet or equal any listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Accordingly, the court finds plaintiff's first argument to be without merit.

Likewise, the court is satisfied that the ALJ's residual functional capacity finding at step 5 is supported by substantial evidence in the record. Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40.

In this case, the ALJ found that plaintiff retains the residual functional capacity for less than the full range of sedentary work with certain restrictions necessitated by her physical and mental impairments.[2] In making this determination, the ALJ properly considered plaintiff's subjective allegations, the medical evidence, her treatment history and all of the other evidence of record. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence as detailed by the ALJ in her decision. (R. 17-20).

Plaintiff's contention that the record supports additional limitations than those found by the ALJ is unpersuasive. First,

---

[2] Specifically, the ALJ found that plaintiff is limited to occasional stooping and must avoid balancing, kneeling, crouching, crawling, climbing and concentrated exposure to cold temperature extremes and extreme wetness. She also is limited to simple, routine, repetitive tasks not performed in a production or quota based environment and that involve only simple, work-related decisions, relatively few workplace changes, and only minimal interaction with co-workers, supervisors or the general public. (R. 17).

plaintiff's contention that her knee impairment requires the additional limitations of a sit-stand option and the need to elevate her leg is not supported by the record. The ALJ specifically addressed these limitations in her decision and adequately explained her rationale for rejecting them as not being supported by the evidence. (R. 22).

In particular, the ALJ noted that there is no medical evidence in the record to support plaintiff's subjective allegation that she needs to elevate her leg. (R. 21). Plaintiff contests the ALJ's credibility determination, but the court finds no error in that regard either. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

Here, the ALJ concluded that plaintiff's subjective complaints of totally disabling pain and limitations are inconsistent with both her self-reported activities of daily living as well as with the clinical and objective medical findings of record. (R. 21-22). In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for this credibility determination in her decision. That finding is supported by substantial evidence.

Moreover, as the Commissioner points out, although Dr. Kashurba indicated in September of 2004 that a sit-stand option would be appropriate, that opinion was rendered following a one-time consultative examination prior to plaintiff's extended treatment by Dr. Molter, and Dr. Molter's subsequent records plainly demonstrate marked improvement in plaintiff's knee symptoms. The court sees no error in the ALJ's decision not to find additional limitations arising from plaintiff's physical impairments.

Likewise, the medical record does not support any additional limitations arising from plaintiff's mental impairments. Plaintiff argues that additional limitations are supported by the opinion of Dr. Foster, a one-time consultative examiner. Again, however, the ALJ explicitly addressed Dr. Foster's report in her decision and concluded that, to the extent it suggested disabling mental limitations, it was not supported by the other evidence of record, in particular the treatment notes of Dr. Rajan, who treated plaintiff over a period of time. (R. 22).

The treatment records from Dr. Rajan indicate that plaintiff's mental symptoms improved significantly with treatment, that such treatment consisted solely of medication and therapy, and that plaintiff never required any hospitalization or significant changes in medications. The ALJ's residual functional capacity finding as to plaintiff's mental impairments and resulting limitations plainly is supported by substantial evidence.

Finally, plaintiff's contention that a finding of disability is supported by plaintiff's GAF scores as recorded by both Dr. Rajan and Dr. Foster is unavailing. The use of the GAF scale, which considers psychological, social and occupational functioning on a hypothetical continuum of mental health,[3] is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, the ALJ is to consider the clinical findings contained in the narrative reports of medical sources, and is to weigh that evidence under the standards set forth in the regulations for evaluating medical opinion evidence, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence to assess plaintiff's mental residual functional capacity and, based upon her review of the entire record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's mental impairments, while severe, do not preclude her from performing any substantial gainful activity. The court is satisfied that substantial evidence supports the ALJ's findings.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ

---

[3]. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994).

AO 72
(Rev. 8/82)

determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Larry D. Lashinsky, Esq.
Rea, Rea & Lashinsky
415 Wayne Street
P.O. Box 487
Hollidaysburg, PA  16648

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA  15901